

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

### THE UNITED STATES OF AMERICA
### vs
### SALIL PARULEKAR

### INDICTMENT

**FILED NOV 08 2018**
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

COUNTS 1-9:   18 U.S.C. § 1343 – Wire Fraud
COUNT 10:    18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

*A true bill.*

_____
*Foreperson*

Filed in open court this ___8th___ day of ___November___ A.D. 2018

_____
*United States Magistrate Judge*

**Bail. $** _____

No bail Arrest Warrant

1.

ALEX G. TSE (CABN 152348)
United States Attorney



FILED
NOV 08 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-00550 LHK NC |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| SALIL PARULEKAR, | SAN JOSE VENUE |
| Defendant. | |

INDICTMENT

The United States Attorney charges:

Introductory Allegations

At all times relevant to this Indictment:

1. Defendant Salil PARULEKAR resided in the Northern District of California.

2. Tesla, Inc. ("Tesla") was a California corporation based in Alameda County, California. It manufactured electric vehicles, including the Model 3, an all-electric sedan. Tesla maintained various financial accounts, including Wells Fargo accounts with account numbers ending in xx6860 and xx5750.

3. Tesla had a business unit, Global Supply Management, which was responsible for managing outside suppliers of goods and services to Tesla. Another unit, Accounts Payable, was responsible for payment due on outstanding invoices from its outside suppliers.

INDICTMENT

### Tesla's Relationship with Certain External Suppliers

4. Tesla relied on numerous external suppliers to provide parts and components for the vehicles it produced, and it had established policies and procedures for issuing purchase orders to such suppliers and for paying invoices issued by such suppliers. Tesla designated some suppliers as Tier 1, which indicated they were Tesla's primary supplier for particular parts and components.

5. Schwabische Huttenwerke Automotive GmbH ("SHW") was a German corporation. In or about September 2016, Tesla determined that SHW would be a Tier 1 supplier for electrical oil pumps for the Model 3. SHW maintained a financial account at Commerzbank AG, ending xx2200 (the "SHW Account"). The SHW Account had a SWIFT code, which is a code similar to a routing number for international banks, ending xxDEFF.

6. Hota Industrial Manufacturing Co., Ltd. ("Hota") was a Taiwanese corporation that contracted with Tesla to build parts for the Model 3. Hota maintained a financial account at O-Bank Co. Ltd., formerly known as Industrial Bank of Taiwan Co., Ltd., ending xx8701 (the "Actual Hota Account").

7. P.T. and J.K were two employees of Hota who commonly communicated with Tesla about purchase orders, invoices, and payments due to Hota from Tesla.

### Parulekar's Role at Tesla and His Relationship with SHW and Hota

8. PARULEKAR was employed by Tesla from on or about 2013 to on or about December 2017. At the time of his separation from Tesla, he held the title of Group Manager, Global Supply Management. PARULEKAR'S duties at Tesla included identifying potential suppliers and managing Tesla's relationship with various suppliers. Two of PARULEKAR'S assigned suppliers were SHW and Hota.

9. In or about September 2016, PARULEKAR urged his supervisor, L.O., to approve a contract with SHW that included non-standard terms that were favorable to SHW. Unbeknownst to L.O., the final contract with SHW had a number of additional terms that were favorable to SHW for which PARULEKAR had not sought and obtained the approval of L.O. or a member of Tesla's legal department. Although the contract was signed in September 2016 by SHW employees, the signature of L.O., on behalf of Tesla, appeared to have been forged.

INDICTMENT

10. PARULEKAR did not have approval authority to issue purchase orders from suppliers. Notwithstanding that, in the fall of 2016, PARULEKAR created and caused to be created false and fraudulent purchase orders that purported to be for SHW parts and services.

11. On or about December 30, 2016, Tesla decided to terminate its contract with SHW. Tesla sent SHW a formal Notice of Termination on or about January 23, 2017. In that notice, Tesla advised SHW that it would withhold payment for a series of purchase orders issued between August 24, 2016, and October 11, 2016.

12. PARULEKAR knew about Tesla's termination of the contract with SHW no later than on or about January 23, 2017, including Tesla's decision to withhold payment to SHW. PARULEKAR was not authorized to contravene Tesla's decision to withhold payment and not authorized to direct payment to SHW after January 23, 2017.

## The Scheme to Defraud

13. Beginning at a date unknown to the grand jury, but no later than September 2016, and continuing through a date unknown to the grand jury, but to at least December 2017, PARULEKAR knowingly devised and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts with a duty to disclose.

14. On or about December 28, 2016, PARULEKAR learned from a Hota sales representative that the name of the bank associated with the Actual Hota Account would change, but its account numbers would not change.

15. On or about January 27, 2017, PARULEKAR learned that Hota was due to receive $4,562,246.93. On or about January 30, 2017, PARULEKAR wrote an email to Tesla employee, J.W., with an instruction to hold any payments to Hota until PARULEKAR could provide updated banking information for Hota.

16. On or about February 1, 2017, PARULEKAR created two email accounts using the names of two Hota employees with whom he had worked: p[----].t[----].hota@gmail.com and j[----].hotaglobal@gmail.com. The two individuals purportedly associated with these email accounts were Hota employees P.T. and J.K.

INDICTMENT

17. On or about February 1, 2017, PARULEKAR created a Tesla "Vendor Creation Form" that purported to be associated with Hota. It included false and fictitious information, such as purported new bank account information for Hota and the purported contact information for the two employees at Hota, P.T. and J.K. Additionally, in the form, PARULEKAR substituted the account number of the Actual Hota Account with the number of the SHW Account.

18. On or about February 6, 2017, after creating the fictitious Vendor Creation Form purportedly associated with Hota, PARULEKAR sent the form to his Tesla email account, sparulekar@tesla.com, from the falsely created email account of P.T., p[----].t[----].hota@gmail.com. In the body of the email, he asserted (as if he were P.T.) that Hota had "attached the new banking information." PARULEKAR then forwarded the fabricated P.T. email from his Tesla email address to employees in Tesla's supplier management division, including Tesla employees J.W. and P.T., with the instruction that they "urgently update" Hota's banking information.

19. An employee in Tesla's accounting department, S.F., sent an email on or about February 8, 2017 to the purported P.T. email account, p[----].t[----].hota@gmail.com, requesting Hota's SWIFT code. The same day, PARULEKAR, impersonated P.T. and responded by providing Tesla employees S.F. and J.W. with the SHW Account's SWIFT code instead of Hota's SWIFT code. In a subsequent email sent on February 9 and using the same account, p[----].t[----].hota@gmail.com, PARULEKAR reasserted that Tesla should direct payment to Hota's purported "German bank."

20. As a result of PARULEKAR's knowingly false representation to other Tesla employees that SHW's bank account and SWIFT code were Hota's "new" bank account and SWIFT code, TESLA inadvertently directed a series of payments to the SHW Account that were intended for Hota. The first occurred on or about February 10, 2017 for $4,562,246.93 and the last occurred on or about May 31, 2017. In sum, between February 10, 2017 and May 31, 2017, PARULEKAR knowingly and with an intent to defraud caused Tesla to divert approximately $9,279,468.37 from its Wells Fargo accounts ending in xx6860 and xx5750 to the SHW Account that was intended for Hota.

21. In early March 2017, Hota complained to PARULEKAR that payment on some of its invoices were past due. In response, PARULEKAR falsely asserted to Hota employee J.K in an email that Tesla had made a payment to Hota on or about March 7, 2017 for approximately $4,562,246.93. In

INDICTMENT                                      3

the same email, PARULEKAR attached a falsified document that purported to reflect confirmation of the payment. In truth and in fact, and as PARULEKAR knew, the $4,562,246.93 had been paid to the SHW Account on February 10 instead of to Hota.

22. On or about March 7, 2017, Hota employee J.K. responded to PARULEKAR and asserted that Hota had not received any payment from Tesla on or about March 7. Ten days later, PARULEKAR responded to this inquiry by emailing an altered and fabricated MT 103, which is a form commonly generated to confirm payment by wire to a particular SWIFT code.

23. No later than on or about March 2018, SHW acknowledged that it had received the "nine payments at issue" from Tesla totaling approximately $9,300,000.

COUNTS ONE TO NINE :   (18 U.S.C. § 1343 – Wire Fraud)

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. Beginning at a date unknown to the grand jury, but no later than September 2016 and continuing through a date unknown to the grand jury, but to at least December 2017,

SALIL PARULEKAR,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

26. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant did knowingly transmit and cause to be transmitted writings, signs, signals, pictures, and sounds in interstate commerce by means of wire communications:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 1 | 2/10/2017 | $4,562,246.93 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |
| 2 | 3/1/2017 | $3,349,367.60 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |

INDICTMENT

4

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 3 | 3/1/2017 | $16,435 from Wells Fargo Account xx6860 to Commerzbank AG, ending xx2200 |
| 4 | 3/9/2017 | $96,297.60 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |
| 5 | 3/23/2017 | $81,432.50 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |
| 6 | 4/4/2017 | $453,483.90 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |
| 7 | 5/3/2017 | $493,367.80 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |
| 8 | 5/16/2017 | $202,892.64 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |
| 9 | 5/31/2017 | $24,074.40 from Wells Fargo Account xx5750 to Commerzbank AG, ending xx2200 |

Each in violation of Title 18, United States Code, Sections 1343 & 2.

COUNT TEN: (18 U.S.C. § 1028A(a)(1)—Aggravated Identity Theft)

On or about March 8, 2017, in the Northern District of California, the defendant,

SALIL PARULEKAR,

did knowingly use, without lawful authority, a means of identification of another person, that is, the name, address, and phone number of P.T., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(5), that is, Wire Fraud, 18 U.S.C. § 1343, as charged in Counts One through Nine.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION:      (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

27. All of the allegations contained in this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

1  United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2   28.   Upon a conviction for the offenses alleged in Counts One through Nine of this Indictment, the defendant,

SALIL PARULEKAR,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property constituting, and derived from, proceeds traceable to those violations, including but not limited to the following:

   (a)   Money Judgment: a sum of money equal to the total gross proceeds obtained as a result of the offenses.

   29.   If any of the aforementioned property, as a result of any act or omission of defendant –
   a.   cannot be located upon the exercise of due diligence;
   b.   has been transferred or sold to, or deposited with, a third person;
   c.   has been placed beyond the jurisdiction of the Court;
   d.   has been substantially diminished in value; or
   e.   has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853p, as incorporated by 18 U.S.C. § 982(b)(1).

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 11-8-18

A True Bill

/s/ Foreperson

ALEX G. TSE
United States Attorney

/s/
DANIEL KALEBA
Deputy Chief, Criminal Division

Approved as to form:

/s/
PATRICK R. DELAHUNTY
Assistant United States Attorney

INDICTMENT                                6

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

**OFFENSE CHARGED**

COUNTS 1-9: 18 U.S.C. § 1343 - Wire Fraud

COUNT 10: 18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Counts 1-9: 20 yrs imprisonment; Max fine $250,000 or twice the gross gain or loss; Max term of Supervised Release 3 yrs; Special Assessment: $100 (per count)
Count 10: 2 yrs imprisonment (consecutive); Max fine $250,000; Max term of Supervised Release 1 yr; Special Assessment: $100

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

**DEFENDANT - U.S**
▶ SALIL PARULEKAR

DISTRICT COURT NUMBER
**CR 18 00550 LHK**

FILED NOV 08 2018 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

NC

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI S/A Kyla Charter

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form   ALEX G. TSE
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA Patrick Delahunty

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments: